WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Foos and Tina Renee Foos, husband and wife, and Joseph Hollis and Devin Harper Hollis, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Raytheon Company, a Delaware Corporation, dba Raytheon Missile Systems,<br><br>Defendants. | CV 09-600 TUC DCB<br><br>**ORDER** |

The Court grants Plaintiffs leave to file a First Amended Complaint and denies the Defendant's Motion for Judgment on the Pleadings (Rule 12(c) Motion) (doc. 8) as moot, and denies Defendant's Motion to Strike the Conditional Motion for Leave to File an Amended Complaint (doc. 18). The Plaintiffs' Motion to Amend/Correct re Complaint (doc. 16) is granted.

**Introduction**

Plaintiffs filed the Complaint against Defendant on October 23, 2009. Plaintiffs allege that Defendant discriminated against them on the basis of sex and retaliated against them after they complained of same-sex harassment, resulting in their constructive discharge. On December 28, 2009, Defendant filed an Answer and filed the Rule 12(c) Motion on March 17, 2010. Plaintiffs respond in opposition to the Rule 12(c) Motion or in the alternative ask the Court to allow them to amend the Complaint.

Plaintiffs allege in the Complaint that they experienced numerous instances of sexual harassment from one or more employees of the Defendant during the time of their

employment, they complained to managing agents of the Defendant including their supervisor, but no action was taken to address the complaint and the harassment continued, and, thereafter, the Defendant retaliated against them by removing job responsibilities and functions and falsely and maliciously charging them with time-card fraud. (Rule 12(c) Motion (citing Complaint at XXIV-XVI, XIX)).

Defendant asserts that the Plaintiffs' Complaint is fatally flawed and does not meet the minimum requirements necessary to state a claim for relief under Title VII because Plaintiffs fail to present sufficient factual matters to raise a plausible claim on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). With *Twombly*, the Supreme Court eviscerated the "no set of facts" standard[1] and ushered in plausibility. The Court asks: are there facts alleged in the Complaint, which if true, state a claim to relief that is plausible on its face.

## Standard of Review: Rule 12(c) Motion

The Supreme Court has explained that to survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Dismissal is appropriate if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 570. Plaintiffs must allege facts which plausibly support his claims; it is not enough if the facts are merely consistent with the claims. *Id*. at 557, 562-63. The Supreme Court has found the plausibility standard reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Id*. at 557.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), was decided by the Supreme Court on May 18, 2009, about eight months before the Defendant's Answer, which may explain the

---

[1] *Conley v. Gibson*, 355 U.S. 41 (1957).

seemingly incongruous, subsequently filed, Rule 12(c) argument that the Complaint is "fatally flawed and does not meet minimum pleading requirements. In the wake of *Twombly* and *Iqbal*, there has been a rush to the courthouse in a deluge of motions to dismiss that would wash away Rule 8 if granted by the courts. *See* Fed. R. Civ. P.8 (requiring only notice pleading). Expressly stated, the Supreme Court did not intend to create a heightened pleading standard, *Twombly*, 550 U.S. at 564-570, but sought to alleviate the expense of prosecuting frivolous law suits, 550 U.S. at 561-564. Drawing on its judicial experience and common sense, the Court concludes that the Plaintiffs' Complaint, without a doubt, satisfied Rule 8 before *Iqbal*, and continues to do so.

*Iqbal* applied *Twombly*'s "plausibility" standard beyond the Sherman Anti-Trust Act to a prisoner civil rights claim against the former Attorney General of the United States and Director of the Federal Bureau of Investigation (FBI). Iqbal challenged his conditions of confinement as unconstitutional because of a policy allegedly based on religion, race, and/or national origin to hold post-September 11 detainees in highly restrictive conditions of confinement until cleared by the FBI. The Court in *Iqbal,* readopted from *Twombly* its description that plausibility does not equate with a probability, but is more than a mere possibility. *Iqbal*, 129 S.Ct. at 1949-1950. Importantly, the judicial determination of a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

The Supreme Court has set up a two-prong approach to assist a court in determining whether a Complaint is deficient under Rule 8. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief." *Id.* at 1950 (citing Rule 8). Recognizing that legal conclusions may form the frame work of a Complaint, the Court's two prong approach determines whether the conclusory frame work is sufficiently supported by factual allegations. *Id.* First, the court should identify the legal conclusions, which are not

entitled to the assumption of truth afforded factual pleadings. *Id.* Then, address the "nub" of the plaintiffs' complaint - the well-pleaded, nonconclusory factual allegations and assess whether it "nudges his claims . . . across the line from conceivable to plausible. *Id.* In this assessment, the court considers whether the facts more likely suggest the alleged illicit conduct or are more likely explained by legitimate reasons. *Id.*

For example, in *Twombly* the Court considered parallel marketing by telecommunications providers that was consistent with unlawful anti-trust activities, but "nevertheless concluded that it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior." *Id.* (citing *Twombly*, 550 565-567). Therefore, the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court dismissed Twombly's complaint. *Id.* (citing *Twombly*. 544 U.S. at 570).

**Conclusion**

In this case, the Plaintiffs' Complaint includes, incorporated by reference and attached, the EEOC Charge of Discrimination. The Court agrees that Plaintiffs' Complaint alleges the legal conclusion that what Plaintiffs' experienced and complained about was sexual harassment. The Complaint also conclusorily alleges retaliation and constructive discharge. The Court must determine whether there are facts alleged, which taken as true, support a finding that these are plausible claims. In combination, facts alleged in the Complaint and the EEOC Discrimination Complaint make Plaintiffs claims of sex discrimination/harassment, retaliation, and constructive discharge plausible.

Plaintiffs allege sometime around June 2005, they began experiencing sexual comments from Director Jimmy Duncan and co-worker Rick Funk. They complained to supervisor Joe Ference, on numerous occasions, but no action was taken and the comments continued. They filed EEOC complaints with the human resource department around June 2006, and thereafter, but before July 12, 2006 (the date of the EEOC retaliation claim), they

had job responsibilities and functions removed and false charges brought against them for time card fraud. (Complaint XXIV-XVI, XIX; Ex. A, D.) As Defendant points out, the weakness in these factual allegations is that not every sexual comment is sexual harassment. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998).

The Court finds that the First Amended Complaint as proposed by the Plaintiffs addresses this deficiency and unarguably states a claim for sexual harassment. Plaintiffs allege additional facts in the First Amended Complaint as follows: "offensive sexual comments included, but were not necessarily limited to, Duncan and/or Funk asking if Plaintiffs participated in homosexual acts with each other, including the acts of 'felching' and 'snowballing'; asking Plaintiffs if they 'didn't like pussy lips,' but 'liked to suck dick instead'; and asking which of Plaintiffs served as 'catcher' and which served as 'pitcher'. The sexual gestures included simulating the act of oral sex between two men and directing the gesture at Plaintiffs."[2] (First Amended Complaint ¶ IX.)

The Court considers these alleged facts and finds the conclusory allegations of sexual harassment, retaliation, and constructive discharge, in the First Amended Complaint are not only conceivable, they are plausible given the highly offensive sexual nature of the comments, the duration of time the Plaintiffs were subjected to them, the close proximity in time between when they filed their EEOC complaints and when they were relieved of work duties and charged with time card fraud, and the failure of the Defendants to take action to stop the harassment. Plaintiffs have stated their claims. It remains for them to prove them.

/////

/////

/////

---

[2]The Court will not repeat the definitions for "felching" and "snowballing," which are provided in Plaintiffs Response (doc. 10) at 2 n.1), but finds them to undeniably be highly offensive sexual comments.

In the Ninth Circuit, leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15; *Ownes v. Kaiser Found Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

**Accordingly,**

**IT IS ORDERED** that the Defendant's Motion for Judgment on the Pleadings (doc. 8) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Amend (doc. 16) is GRANTED. The Plaintiffs shall file the First Amended Complaint within 5 days of the filing date of this Order.

**IT IS FURTHER ORDERED** that the Motion to Strike (doc. 18) is DENIED.

DATED this 2nd day of June, 2010.

David C. Bury
United States District Judge